IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> KENDRA SCOTT, LLC, <br><br> *Defendant.* | Civil Action No. 2:21-cv-_____ |

**PLAINTIFF LENNON IMAGE TECHNOLOGIES, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lennon Image Technologies, LLC, by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to United States Patent No. 6,624,843 (the "'843 patent"). Defendant Kendra Scott, LLC ("Kendra Scott") infringes Plaintiff's '843 patent in violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

**PARTIES**

1. Plaintiff Lennon Image Technologies, LLC is a Texas Limited Liability Company with a place of business at 1910 East Southeast Loop 323, No. 244, Tyler, Texas 75701.

2. Upon information and belief, Defendant Kendra Scott is a company organized and existing under the laws of the State of Delaware, with its principal place of business located at 3800 N. Lamar Blvd. Suite 400, Austin, Texas 7756. Defendant Kendra Scott may be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant is subject to this Court's general and/or specific personal jurisdiction because it (a) has committed acts of infringement in the State of Texas as alleged below; and/or (b) is engaged in continuous and systematic activities in the State of Texas.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has committed acts of infringement in this District as set forth below, and has regular and established places of business in this District such as, for example, located at 888 Watters Creek Blvd., Allen, Texas 75013 and 5800 Legacy Drive, Suite C3, Plano, Texas 75024. On information and belief, customers use the Kendra Scott Accused Instrumentality (defined below) in this District and, as a direct result of this use, subsequently purchase products at Kendra Scott's places of business in this District.

## ASSERTED PATENT

7. On September 23, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,624,843 entitled "Customer Image Capture and Use Thereof in a Retailing System," a true copy of which is attached as Exhibit 1. The application that matured into the '843 Patent was filed on December 8, 2000, and claims priority to a provisional application filed on December 10, 1999.

8. On September 22, 2017, the Patent Trial and Appeal Board ("PTAB") issued a "Decision on Appeal" concerning the '843 Patent, confirming the patentability of original claims

5, 8-13, 18, 20, and new claims 22-24, 28, 35, 38-40, 44, and 51.  A true and correct copy of the "Decision on Appeal" is attached hereto as Exhibit 2.  On September 26, 2018 an Ex Parte Reexamination Certificate issued for the '843 Patent.  A true and correct copy of the Ex Parte Reexamination Certificate is attached hereto as Exhibit 3.

9. Plaintiff is the owner by assignment of the '843 Patent and owns all right, title, and interest in the '843 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '843 Patent.

10. The claimed invention relates to a "method and apparatus for capturing a person's image and using the captured image in a retailing system." Col. 1:13-16. The invention "allows apparel retailers and other purveyors of such items an opportunity to virtually 'dress' the potential customer in featured merchandise as a virtual 'fitting.'" Col. 2:12-15. "Through manipulation of digitized images, an image of the customer in a new apparel style is displayed." Col. 2:18-20. One embodiment of the '843 Patent is described in claim 18, which depends on claims 14 and 17, and states as follows:

> Claim 14:
>
> A method for manipulating a customer image corresponding to a customer, the method comprising:
>     capturing the customer image;
>     generating a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item;
>     displaying the composite image thereby allowing the customer to assess the potential purchase item without having to try it on; and
>     storing the customer image,
> wherein the step of generating the composite image further comprises retrieving the customer image in response to a request for the composite image.

Claim 17:

The method of claim 14, wherein the step of displaying further comprises:
    detecting presence of a person near a display;
    determining that the person corresponds to the customer image; and
    displaying the composite image in response to the step of determining.

Claim 18:

The method of claim 17, wherein the step of determining further comprises comparing biometric information of the person with the customer image.

## NO CLAIM OF THE '843 PATENT IS ABSTRACT

11.    The claims of the '843 Patent are focused on advances over the prior art such that their character as a whole are not directed to excluded subject matter, such as an abstract idea, or any subject matter excluded under 35 U.S.C. § 101.

12.    The advancements claimed in the '843 Patent include, *inter alia*, a system and method allowing customers to virtually try-on apparel items. Such try-on being accomplished through accurate electronic representation of the apparel items as apparel style images that may be combined with a captured customer image to form a composite image comprising the customer image and the apparel style image such that the customer can virtually see how the apparel item looks. The inventions claimed in the '843 Patent are tangible, specific, and concrete.

## THE INVENTIONS CLAIMED IN THE '843 PATENT WERE NOT WELL-UNDERSTOOD, ROUTINE, OR CONVENTIONAL

13.    Prior to the inventions claimed in the '843 Patent, a system allowing customers to virtually see an accurate representation of how an apparel item would look on the customer did not exist.

14. A system which accurately captured how an item of apparel looked when being worn by a customer was not well-understood, routine, or conventional as of the priority date of the '843 Patent.

15. A system which accurately combined an electronic representation of an item of apparel and customer image was not well-understood, routine, or conventional as of the priority date of the '843 Patent.

16. The claims of the '843 Patent were not well-understood, routine, or conventional as of the priority date of the '843 Patent.

## ACCUSED INSTRUMENTALITY AND BACKGROUND

17. Defendant is engaged in the business of selling jewelry.

18. Defendant engages in electronic commerce conducted on and using at least, but not limited to, the website https://www.kendrascott.com/ .

19. On information and belief, Defendant owns, operates, and/or directs the operation of a web-based virtual try-on tool which is available for use at, for example, https://www.kendrascott.com/ (the "Kendra Scott Try-On Tool") (the "Accused Instrumentality").

20. On information and belief, Defendant has made, and continues to make available to its customers, the Accused Instrumentality for manipulating an image corresponding to a customer.

21. Defendant currently provides and/or has provided website visitors access to its site, https://www.kendrascott.com/, which provide direction for website visitors to access and use the Accused Instrumentality.

22. Defendant allows customers to purchase its products using the Accused Instrumentality.

## INFRINGEMENT OF U.S. PATENT NO. 6,624,843

23. Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

24. Defendant's Accused Instrumentality provides a method for manipulating a customer image corresponding to a customer.

25. The Accused Instrumentality captures a customer image. For example, the Accused Instrumentality accesses a user's computing device's camera, or similar input device, to capture a customer image, as shown below:



Kendra Scott Try-On Tool

26.     The Accused Instrumentality generates a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item including by retrieving the customer image in response to a request for the composite image. For example, as shown below, using the Accused Instrumentality, a customer may select from a variety of jewelry products (*i.e.*, potential purchase items). For each selected product, the Accused Instrumentality generates a composite image comprising the customer image and at least one apparel style image, which corresponds to a potential purchase item. Defendant retrieves the customer image from the user's computing device, Kendra Scott's server(s), or both in response to a request for a composite image, such as in response to a user's selection of a particular product.



Kendra Scott Try-On Tool

27.     The Accused Instrumentality displays the composite image thereby allowing the customer to assess the potential purchase item without having to try it on. For example, the Accused Instrumentality displays images of the customer and the at least one apparel style image on the user's device such that the user is able to assess a potential purchase item.

Kendra Scott Try-On Tool

28.     As shown below, the Accused Instrumentality stores the customer image, for example, on the user's computing device, Kendra Scott's server(s), or both. The Accused Instrumentality retrieve the customer image in response to a request for the composite image. For example, Kendra Scott retrieves the customer image from the user's computing device, Kendra

Scott's server(s), or both in response to a request for a composite image, such as in response to a user's selection of a particular product.

29.     Additionally, the Accused Instrumentality displays the composite image by (a) detecting the presence of a person near a display; (b) determining that the person corresponds to the customer image; and (c) displaying the composite image in response to the step of determining.

30.     For example, the Accused Instrumentality detects the presence of a person near a camera or similar video input apparatus of a user's mobile device, as shown below:





Kendra Scott Try-On Tool

31. The Accused Instrumentality determines that the person corresponds to the customer image by analyzing the input image and searching for the person's face within the input image. If the person's face within the input image, near the display, is appropriately positioned within the detection area, then the Accused Instrumentality determines that the person corresponds to the customer image.

32. Once the Accused Instrumentality has determined that the person corresponds to the customer image, a composite image is displayed using the customer image and the at least one apparel style image, as shown below:



Kendra Scott Try-On Tool

33. Furthermore, the Accused Instrumentality determines that the person corresponds to the customer image by comparing biometric information of the person with the customer image. For example, the Accused Instrumentality compares the size and/or shape of the customer's facial features, such as ears, with respect to the customer image.

34. Defendant's Accused Instrumentality also provides a method for manipulating a customer image corresponding to a customer.

35. Accordingly, Defendant has been and is now directly infringing one or more claims of the '843 Patent, including Claim 18, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale or importing in the United States its Accused Instrumentality, which manipulate a customer image corresponding to a customer.

36. In addition and/or in the alternative, Defendant has been and/or is now indirectly infringing one or more claims of the '843 Patent and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271(b) by inducing its customers to directly infringe the '843 Patent through their use of the Accused Instrumentality. Defendant induces such infringement by at least making the Accused Instrumentality available to customers and providing links and directions to the same as well as providing instructions on their proper use and operation.

37. A chart showing Defendant's direct infringement of Claim 18, and other Claims of the '843 Patent, is attached hereto as Exhibit 4.

38. As a direct and proximate consequence of the acts and practices of the Defendant in infringing, directly, and/or indirectly, one or more claims of the '843 Patent, Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

39. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to Plaintiff.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) A judgment in favor of Plaintiff that Defendant has directly infringed and/or have indirectly infringed by way of inducement of one or more claims of the Asserted Patent;

(b) A judgment that Plaintiff has been irreparably harmed by the infringing activities of Defendant, and is likely to continue to be irreparably harmed by Defendant's continued infringement;

(c) A judgment and order requiring Defendant to pay Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for their usage made of the inventions of the Asserted Patent, including pre- and post-judgment interest and costs, including expenses and disbursements;

(d) A judgment awarding treble damages against the Defendant for willful infringement pursuant to 35 U.S.C. § 284;

(e) A judgment awarding Plaintiff its costs as provided under Fed. R. Civ. P. 54(d)(1);

(f) A judgment for pre- and post-judgment interest on all damages awarded;

(g) A judgment awarding Plaintiff post-judgment royalties; and

(h) Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: March 2, 2021              Respectfully submitted,

                                                 **BUETHER JOE & COUNSELORS, LLC**

By:   */s/ Christopher M. Joe*
       Eric W. Buether
       State Bar No. 03316880
       Eric.Buether@BJCIPLaw.com
       Christopher M. Joe
       State Bar No. 00787770
       Chris.Joe@BJCIPLaw.com
       Thomas J. Gohn
       State Bar No. 24097742
       TJ.Gohn@BJCIPLaw.com

       1700 Pacific Avenue
       Suite 4750
       Dallas, Texas 75201
       Telephone:  (214) 466-1272
       Facsimile:   (214) 635-1828

       **ATTORNEYS FOR PLAINTIFF**
       **LENNON IMAGE TECHNOLOGIES, LLC**